JONES DAY
Darren K. Cottriel, Bar No. 184731
dcottriel@jonesday.com
Ann T. Rossum, Bar No. 281236
atrossum@jonesday.com
JoeAl Akobian, Bar No. 346801
jakobian@jonesday.com
3161 Michelson Drive, Suite 800
Irvine, California 92612.4408
Telephone:    +1.949.851.3939
Facsimile:    +1.949.553.7539

Amanda Fitzsimmons, Bar No. 258888
amandafitzsimmons@jonesday.com
4655 Executive Drive, Suite 1500
San Diego, CA 92121.3134
Telephone:    +1.858.314.1200
Facsimile:    +1.844.345.3178

Attorneys for Defendant
THE HOME DEPOT, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN MCGINITY, individually, and on behalf of all other persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE HOME DEPOT, INC., and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 3:26-cv-3103<br><br>[Removed from Contra Costa Superior Court, Case No. C26-00794]<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT**<br><br>**[JURISDICTION UNDER CAFA AND DIVERSITY (28 U.S.C. §§ 1332, 1441, 1446, 1453)]**<br><br>Complaint Filed: March 6, 2026 |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, AND TO PLAINTIFF AND HIS COUNSEL OF RECORD:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendant THE HOME DEPOT, INC.[1] ("Defendant" or "Home Depot"), hereby removes the above-captioned action from the Superior Court of California for the County of Contra Costa to the United States District Court for the Northern District of California.

In support of this removal, Home Depot states the following:

## I. REMOVAL IS PROPER BASED ON THE CLASS ACTION FAIRNESS ACT AND DIVERSITY JURISDICTION

### A. Procedural Background

1. On March 6, 2026, Plaintiff Sean McGinity ("Plaintiff"), filed this putative class action entitled *Sean McGinity, individually and on behalf of all other persons similarly situated, v. The Home Depot, Inc. and DOES 1 through 100, inclusive*, by filing an unverified complaint against Defendant in the Superior Court of California, County of Contra Costa (the "Complaint"), Case No. C26-00794. *See* **Exhibit A** at 1 (Complaint ("Compl.")); 27 (Civil Case Cover Sheet); 30 (Summons).

2. On March 13, 2026, Home Depot's registered agent was served the Complaint. *See* **Exhibit A** at 31 (Proof of Service of Summons).

3. The Complaint states that Plaintiff is "domiciled in Sacramento, California." Compl. ¶ 15. The Complaint also states that the putative class "includes thousands of consumers." *Id.* ¶ 86. Further, the Complaint defines the putative class as "all individuals who, during the class period, had their personally identifiable information collected from ALPR systems at Home Depot's California-based stores prior to December 28, 2025, without notice, authorization, or consent." *Id.* ¶ 83.

---

[1] Plaintiff has named the incorrect entity. The Home Depot, Inc. is the publicly traded holding company for several entities, including Home Depot U.S.A., Inc., which operates Home Depot's retail locations in the United States, including in California.

4.      The Complaint alleges that Home Depot violated Plaintiff's and other putative class members' right to privacy and protection of personally identifiable information ("PII") under California Civil Code § 1798. *Id.* ¶ 1.  The Complaint alleges that Home Depot utilizes Automated License Plate Reader ("ALPR") technology at its California-based locations, including at its locations at 1037 Arnold Dr, Martinez, CA 94553 and 8000 Folsom Blvd, Sacramento, CA 95826, without proper notice.  *Id.* ¶¶ 7, 15.  The Complaint alleges that Plaintiff's PII was collected by Home Depot's use of ALPR systems.  *Id.* ¶¶ 55-59.  And, as noted above, it alleges that "thousands of consumers" have experienced the same statutory injury as a result of having their information collected in a manner inconsistent with statutory requirements at this parking lot and potentially at other parking lots across California.  *See id.* ¶¶ 83, 86.

5.      The Complaint asserts three causes of action based on alleged violations of California Civil Code § 1798: (1) Unauthorized Access and Use of ALPR Information (Cal. Civ. Code § 1798.90.54); (2) Failure to Implement Code Compliant Privacy Policy and Maintain a Record (Cal. Civ. Code §§ 1798.90.51(b) and 1798.90.52); and (3) Failure to Implement Code Compliant Privacy Policy and Maintain a Record (Cal. Civ. Code § 1798.90.53(b)(1)).  Compl. ¶¶ 95-131.

6.      Plaintiff alleges that damages are on a per-violation basis and that, based on each violation, Plaintiff and each Class Member is entitled to a statutory damages award of $2,500.  *See id.* at Prayer for Relief (c).  Plaintiff also seeks attorneys' fees, expenses, punitive damages, and costs of suit.  *See generally id.* at 25 (Prayer for Relief).

**B.      The Court Has Jurisdiction Under CAFA**

7.      Defendant asserts that this Court has original jurisdiction over this Action pursuant to 28 U.S.C. § 1332(d) (as amended by the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4 ("CAFA")).  Under CAFA, federal courts have original diversity jurisdiction over a class action whenever: (1) "any member of a [putative] class of plaintiffs is a citizen of a State different from any defendant"; (2) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs"; and (3) "the number of members of all proposed plaintiff classes in the aggregate is" 100 or more.  28 U.S.C. § 1332(d)(2), (d)(3), (d)(5)(B).  When

NOTICE OF REMOVAL
Case No: 3:26-cv-3103

these elements are met, removal of an action is authorized under 28 U.S.C. § 1446. *See* 28 U.S.C. § 1453(b); *Prado v. Dart Container Corp. of Cal.*, 373 F. Supp. 3d 1281, 1285 (N.D. Cal. 2019) ("CAFA removals are generally subject to 28 U.S.C. § 1446, the removal statute."). As set forth below, all requirements to establish jurisdiction pursuant to CAFA are satisfied here.

### 1.   Minimal Diversity Exists

8.     Minimal diversity exists in this matter because at least one member of the putative class is a citizen of a state different from at least one defendant. 28 U.S.C. § 1332(d)(2).

9.     Under CAFA, the minimal diversity requirement is satisfied when: (1) at least one plaintiff is a citizen of a state in which none of the defendants are citizens; (2) at least one plaintiff is a citizen of a foreign state and one defendant is a U.S. citizen; or (3) at least one plaintiff is a U.S. citizen and one defendant is a citizen of a foreign state. *See* 28 U.S.C. § 1332(d)(2); *see Faulk v. JELD-WEN, Inc.*, 159 F.4th 618, 622 (9th Cir. 2025).

10.     Defendant THE HOME DEPOT, INC. is incorporated in Delaware with its principal place of business in Georgia. *See* Declaration of Darren K. Cottriel ("Cottriel Decl.") ¶ 2. The correct entity, HOME DEPOT U.S.A., INC., is also incorporated in Delaware with its principal place of business in Georgia. *See id.* ¶ 3.

11.     Defendant, THE HOME DEPOT, INC., is therefore a citizen of Delaware and Georgia for diversity-jurisdiction purposes. 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010) (noting that a corporation is "'deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business'" (quoting 28 U.S.C. § 1332(c)(1))). Likewise, the correct entity, HOME DEPOT U.S.A., INC., is a citizen of Delaware and Georgia for diversity-jurisdiction purposes.

12.     As Section I.A. notes, Plaintiff alleges that he is "domiciled in Sacramento, California." Compl. ¶ 15. An individual's citizenship is defined by his or her domicile. *Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019) ("A 'natural person's state citizenship is [] determined by her state of domicile not her state of residence.'") (quotation omitted). Plaintiff is therefore a citizen of California.

NOTICE OF REMOVAL
Case No: 3:26-cv-3103

13.     For minimal diversity to exist, one plaintiff must be diverse from one defendant. 28 U.S.C. § 1332(d)(2)(A). Here, Plaintiff is a citizen of California, while Home Depot is a citizen of Delaware and Georgia. Accordingly, the parties are diverse and the minimal diversity requirement is therefore satisfied. *See* 28 U.S.C. § 1332(d)(2).

2.     Amount in Controversy Exceeds $5,000,000

14.     Under CAFA, the total amount-in-controversy must exceed $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(2). Calculation of the amount in controversy for CAFA requires aggregating the amounts of all the claims, not the amount involved in each individual claim. 28 U.S.C. § 1332(d)(6); *Davis v. Chase Bank U.S.A., N.A.*, 453 F. Supp. 2d 1205, 1207 (C.D. Cal. 2006) ("CAFA expressly requires that the claims of individual members shall be aggregated to determine the amount in controversy."); *see Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414-15 (9th Cir. 2018) ("[T]he amount in controversy is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious."). "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014); *see also Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 772 (9th Cir. 2020) ("'Amount at stake' does not mean likely or probable liability; rather, it refers to possible liability.").[2]

15.     Though Home Depot concedes neither liability on Plaintiff's claims nor the propriety or breadth of any class as alleged by Plaintiff, the Complaint places in controversy a sum greater than $5,000,000. *See generally* Compl.; 28 U.S.C. § 1332(d)(2).

16.     The amount in controversy includes "damages (compensatory, punitive, or otherwise), and the cost of complying with an injunction, as well as attorneys' fees awarded under

[2] In alleging the amount in controversy for purposes of removal, Home Depot does not concede or acknowledge in any way that the allegations in the Complaint are accurate or that either Plaintiff or any proposed class member is entitled to any amount under any claim or cause of action. Nor does Home Depot concede or acknowledge that any class may be certified, whether as alleged or otherwise, or that any or all of the proposed class members are entitled to any recovery in this case, or are appropriately included in the putative class.

NOTICE OF REMOVAL
Case No: 3:26-cv-3103

fee-shifting statutes." *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648–49 (9th Cir. 2016).

17.     Plaintiff and the putative class seek statutory damages of "no less than $2,500 for each violation of Civil Code § 1798." Compl. at Prayer for Relief (c).

18.     Plaintiff seeks to certify a class that includes "thousands of consumers." *Id.*, ¶ 86. Accordingly, it is plausible that there are at least 2,001 class members based on the allegations in the Complaint. If each class member is entitled to only one statutory damage award, the amount in controversy exceeds $5,000,000 (2,001 individuals x $2,500 = $5,002,500).

19.     Moreover, Plaintiff contends that statutory damages should be awarded for each violation of the statute. *Id.* ¶¶ 106, 121, 131; Prayer for Relief (c). Although Defendant does not concede that this is a correct reading of the statute, Defendant understands Plaintiff to allege that if a class member visited a Home Depot location on multiple occasions, that class member allegedly incurred additional violations of the statute. Indeed, Plaintiff himself alleges that he "visited Home Depot stores in Sacramento and Martinez numerous times." *Id.* ¶ 69.

20.     In addition, Plaintiff seeks recovery of attorneys' fees in this putative class action, which amounts are also included in the amount in controversy for purposes of CAFA jurisdiction. *Fritsch v. Swift Transp. Co. of Ariz.*, 899 F.3d 785, 794 (9th Cir. 2018) (Where "the law entitles [a plaintiff] to an award of attorneys' fees if he is successful, such future attorneys' fees are at stake in the litigation, and must be included in the amount in controversy.").

21.     Attorneys' fees are one of the possible penalties for violation of the ALPR statute. *See* Cal. Civ. Code § 1798.90.54(b)(3). The amount in controversy includes attorneys' fees expected to be accrued by the time the case is resolved, not just those incurred at the time of removal. *See, e.g.*, *Diaz v. One Techs., LLC*, 2022 WL 72283, at *2 (C.D. Cal. Jan. 6, 2022) ("Stated simply, attorneys' fees – both those already accrued at the time of removal and those future attorneys' fees – are included in the amount-in-controversy calculation.") (citation omitted).

22.     Plaintiff also seeks "punitive and exemplary damages" and "restitution and all other forms of equitable monetary relief," which, if granted, would further increase the amount in controversy. *See* Compl. at 25 (Prayer for Relief (e)–(f)).

NOTICE OF REMOVAL
Case No: 3:26-cv-3103

23.    Thus, this dispute plausibly exceeds the minimum amount-in-controversy requirement for jurisdiction pursuant to CAFA.[3]

### 3.    Numerosity of Class Members

24.    Based on the allegations in the Complaint, the number of putative class members exceeds 100.  28 U.S.C. § 1332(d)(5)(B).

25.    Indeed, Plaintiff alleges that "the Class includes thousands of consumers."  Compl. ¶ 86.  Moreover, the Complaint alleges that Home Depot "owns and/or operates more than 2,300 stores in North America" and that, upon information and belief, "all of Defendant Home Depot's other stores in California utilize ALPR cameras."  *Id.* ¶¶ 16, 57.

26.    Home Depot disputes that the proposed class could ever be certified.  But by Plaintiff's own admission, the proposed class includes thousands of members, far exceeding the 100-member threshold.  Accordingly, the Complaint sufficiently alleges that the proposed class exceeds 100 members.

### C.    The Court Has Jurisdiction Based on Diversity of Citizenship

27.    In addition to CAFA jurisdiction, this Court also has original jurisdiction over this Action pursuant to 28 U.S.C. § 1332(a), which provides for diversity jurisdiction when the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.  A class action may be heard in federal court under diversity jurisdiction if there is complete diversity.  "That is, 'a class action [can] be heard in federal court under diversity jurisdiction only if there [is] complete diversity, i.e., all class representatives [are] diverse from all defendants,' and if all named plaintiffs satisfy the amount in controversy requirement of more than $75,000."  *Holt v. Noble H. Hotels & Resort, Ltd.*, 2018 WL 539176, at *2 (S.D. Cal. Jan. 23, 2018) (citing *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 398 (9th Cir. 2010)).  As set forth below, both requirements to establish jurisdiction pursuant to traditional diversity are satisfied here.

---

[3] If challenged, Home Depot reserves the right to offer evidence to establish the amount in controversy on all claims alleged in the Complaint.  *Harris v. KM Indus., Inc.*, 980 F.3d 694, 699 (9th Cir. 2020).

NOTICE OF REMOVAL
Case No: 3:26-cv-3103

1.      Amount in Controversy

28.      When a plaintiff does not allege in the complaint a specific amount for damages, the defendant must demonstrate the likelihood that the plaintiff's claims exceed $75,000, exclusive of interest and costs. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004). A removing defendant, however, need only show that the amount in controversy "more likely than not" exceeds the jurisdictional amount of $75,000. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). A court may consider both the facts alleged in the complaint and in the notice of removal when the amount in controversy is not specified. *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1031 (N.D. Cal. 2002); 28 U.S.C. § 1446(c)(2).

29.      First, Plaintiff has filed an unlimited civil action, which has a minimum statutory damages threshold of more than $35,000. *See* Cal. Civ. Proc. Code §§ 85, 88; *see* **Exhibit A** at 27 (the "unlimited" box is checked on the Civil Cover Sheet). Thus, Plaintiff concedes that the amount in controversy exceeds $35,000.

30.      Second, Plaintiff alleges statutory damages amounting to $2,500 per violation. Compl. ¶¶ 95-131; Prayer for Relief (c). The Complaint alleges that Plaintiff "visited Home Depot stores in Sacramento and Martinez numerous times." *Id.* ¶ 69. It is reasonable to infer that Plaintiff visited more than once, and that Plaintiff seeks statutory damages on a per-violation basis. Importantly, the Complaint asserts three separate causes of action under the ALPR statutes, each of which seeks statutory damages of "no less than $2,500" per violation. *Id.* ¶¶ 106, 121, 131. If Plaintiff seeks $2,500 for each of his three claims, even a single visit could generate $7,500 in statutory damages (3 claims x $2,500 = $7,500). Under Plaintiff's theory, if he visited Home Depot on even 10 occasions, his statutory damages alone could total $75,000 (10 visits x 3 claims x $2,500 = $75,000). Additionally, Plaintiff alleges that he visited Home Depot at two different locations— Martinez and Sacramento. *Id.* ¶¶ 15, 69. Because each location is alleged to have separate ALPR systems, and although Defendant does not concede that this is a correct reading of the statute, Defendant understands Plaintiff to allege that if a class member visited multiple Home Depot locations, each visit to each location could constitute a distinct violation, further multiplying the potential statutory damages.

NOTICE OF REMOVAL
Case No: 3:26-cv-3103

31.     Third, Plaintiff seeks attorneys' fees. *Id.*, Prayer for Relief (h). Attorneys' fees are one of the possible penalties for violation of the ALPR statute. *See* Cal. Civ. Code § 1798.90.54(b)(3). In considering attorneys' fees when assessing the amount in controversy, the Ninth Circuit has determined that the projected attorneys' fees shall be those anticipated at the time of removal. *See, e.g.*, *Simmons*, 209 F. Supp. 2d at 1035 (finding that the measure of attorneys' fees should be "the amount that can reasonably be anticipated at the time of removal, not merely those already incurred."); *Fritsch,* 899 F.3d at 794.

32.     California courts have held that a reasonable hourly rate for a senior lawyer working in a California metropolitan area generally is at or exceeds $500 per hour. *See, e.g.*, *Echague v. Metro. Life Ins. Co.*, 69 F. Supp. 3d 990, 997 (N.D. Cal. 2014) ("$650 per hour is a reasonable . . . rate" for litigation specialists in the San Francisco Bay Area).

33.     By filing an unlimited civil lawsuit, Plaintiff concedes that the amount in controversy exceeds $35,000. Plaintiff's counsel would only need to work 81 hours over the course of the entire litigation to exceed the $75,000 threshold at a reasonable rate of $500/hour (i.e., $500 x 80 = $40,000 + $35,000 in statutory damages = $75,000). Alternatively, at $500/hour, Plaintiff's counsel would only need to work 151 hours over the course of the entire litigation to exceed the amount in controversy threshold *on fees alone* (i.e., $500 x 150 = $75,000). Given that this is a putative class action involving complex privacy issues, discovery, class certification briefing, and potentially trial, 81 to 151 hours of attorney time is entirely plausible, even conservatively.

34.     Additionally, Plaintiff asks for "punitive and exemplary damages" and "restitution and all other forms of equitable monetary relief," which if granted would further increase the amount in controversy. *See* Compl. at 25 (Prayer for Relief (e)–(f)). The Complaint specifically alleges that Home Depot's conduct was "knowing, willful, and/or reckless," which triggers the punitive damages provision of the statute. *Id.* ¶¶ 104-105, 120, 130; Cal. Civ. Code § 1798.90.54(b)(2). Punitive damages in California privacy cases are often awarded as a multiple of statutory damages. Even a modest 1:1 ratio of punitive to statutory damages would double Plaintiff's potential recovery.

35. Given the damages Plaintiff seeks as well as the requested attorneys' fees, the amount in controversy "more likely than not" exceeds the $75,000 minimum. *See Sanchez*, 102 F.3d at 404.

### 2. Complete Diversity

36. The second requirement, complete diversity of citizenship, is met when all plaintiffs are diverse from all defendants. 28 U.S.C. § 1332(a)(1). The complete diversity "requirement in class actions is based on the citizenship of the named plaintiffs at the time the action is filed." *Gibson v. Chrysler Corp.*, 261 F.3d 927, 931 n.2 (9th Cir. 2001).

37. Moreover, "[i]n determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of [Title 28], the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1); *see also Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1266 (9th Cir. 1992) (noting that "citizenship of 'Doe' defendants—who are neither named in the complaint nor served with process—shall be disregarded for jurisdictional purposes").

38. Complete diversity exists here. As noted above, Plaintiff is a citizen of California and Home Depot is a citizen of Delaware and Georgia. Moreover, while there are 100 Doe defendants, their citizenship is "disregarded" for purposes of determining diversity jurisdiction. *See* 28 U.S.C. § 1441(b)(1). Accordingly, the sole named plaintiff is a citizen of a different state from the sole named defendant. Complete diversity has therefore been satisfied.

## II. COMPLIANCE WITH STATUTORY REQUIREMENTS

39. This Notice of Removal is timely. The Complaint in the State Court Action was filed with the Clerk of the Superior Court of California, County of Contra Costa on March 6, 2026. Home Depot was served with the Complaint on March 13, 2026. This Notice of Removal is being filed with this Court within 30 days after Defendant was served with Plaintiff's initial pleading setting forth the claims for relief upon which Plaintiff's action is based. *See* 28 U.S.C. § 1446(b)(1); *Langston v. 20/20 Cos.,* 2014 WL 5335734, at *2 (C.D. Cal. Oct. 17, 2014) (holding that the date of execution of the notice and acknowledgment of receipt triggers the 30-day removal period).

NOTICE OF REMOVAL
Case No: 3:26-cv-3103

40.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(a) and 1441(a) because the United States District Court for the Northern District of California is the federal district encompassing the Superior Court for the County of Contra Costa.  Thus, pursuant to 28 U.S.C. § 1441(a), this case may properly be removed to the Northern District of California.

41.     Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and documents from the California Superior Court action are being filed with this Notice of Removal.  Defendant is not aware of any process, pleadings, or orders besides those which have been attached hereto as **Exhibit A**.

42.     Promptly after the filing of this Notice of Removal, Home Depot will provide written notice of removal of this action to Plaintiff through his attorneys of record in the California Superior Court Action, and will file a copy of this Notice of Removal and all other necessary documents with the Clerk of the Superior Court of California for the County of Contra Costa in the State Court Action, as required by 28 U.S.C. § 1446(d).

43.     Finally, Home Depot is the only named Defendant in this action.  Therefore, no consent from any other defendant is required for removal pursuant to 28 U.S.C. § 1446(b)(2)(A).

## III.   CONCLUSION

44.     For the foregoing reasons, this Court has original subject matter jurisdiction over this action pursuant to CAFA and based on diversity jurisdiction.  Accordingly, Home Depot hereby removes this action from the Superior Court of California, County of Contra Costa to the United States District Court for the Northern District of California.

Dated: April 10, 2026

JONES DAY

By: _____
    Darren K. Cottriel
    Amanda Fitzsimmons
    Ann T. Rossum
    JoeAl Akobian

    Attorneys for Defendant
    THE HOME DEPOT, INC.

- 11 -