**BURSOR & FISHER, P.A.**
Philip L. Fraietta (SBN 354768)
Julia K. Venditti (SBN 332688)
50 Main Street, Suite 475
White Plains, NY 10606
Telephone: (914) 874-0708
Facsimile: (914) 206-3656
E-mail: pfraietta@bursor.com
jvenditti@bursor.com

**EMERY | REDDY, PC**
M. Anderson Berry (SBN 262879)
Gregory Haroutunian (SBN 330263)
Brandon P. Jack (SBN 325584)
333 University Avenue, Suite 200
Sacramento, CA 95825
Telephone: (916) 823-6955
Facsimile: (206) 441-9711
E-mail: anderson@emeryreddy.com
gregory@emeryreddy.com
brandon@emeryreddy.com

[*Additional counsel on signature page*]

*Counsel for Plaintiffs and the Putative Class*

**JONES DAY**
Darren K. Cottriel (SBN 184731)
Ann T. Rossum (SBN 281236)
JoeAl Akobian (SBN 346801)
3161 Michelson Drive, Suite 800
Irvine, CA 92612
Telephone: +1.949.851.3939
Facsimile: +1.949.553.7539
E-mail: dcottriel@jonesday.com
atrossum@jonesday.com
jakobian@jonesday.com

Amanda Fitzsimmons (SBN 258888)
4655 Executive Drive, Suite 1500
San Diego, CA 92121
Telephone: +1.858.314.1200
Facsimile: +1.844.345.3178
E-mail:
amandafitzsimmons@jonesday.com

*Counsel for Defendants*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: HOME DEPOT ALPR LITIGATION | Case No. 3:26-cv-03103-SK<br><br>Related Cases<br>Case No. 3:26-cv-03967-SK<br>Case No. 3:26-cv-04122-SK<br><br>Assigned for all purposes to Magistrate Judge Sallie Kim<br><br>**AMENDED INITIAL JOINT CASE MANAGEMENT STATEMENT**<br><br>Date: August 31, 2026<br>Time: 1:30 p.m.<br>Courtroom: Via Zoom Webinar (Courtroom C, 15th Floor) |

Plaintiffs John Wilbert, Ashley Grimes, Lauren Morrill, William F. Schmierer, Mark Ausseiker, Elzy Linder, John Hopton, Michael J. Harhay, and Sean McGinity (collectively, "Plaintiffs") and Defendants Home Depot U.S.A., Inc. and The Home Depot, Inc. (collectively, "Home Depot"), the Parties to the above-titled action (together, the "Parties"), hereby submit this Amended Joint Case Management Statement pursuant to the Standing Order for All Judges of the Northern District of California, Civil Local Rule 16-9.

**1. <u>Jurisdiction and Service</u>**

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A) because this is a putative class action in which the aggregate claims of all members of the proposed Class exceeds $5,000,000, exclusive of interest and costs, and at least one member of the proposed Class is a citizen of a state different from at least one Defendant. Compl. ¶ 30. Personal jurisdiction over Defendants is proper because Defendants conduct substantial business in California. Compl. ¶ 31. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events alleged in the Complaint giving rise to Plaintiffs' claims are alleged to have occurred in this District and Plaintiffs John Wilbert and Michael J. Harhay reside in this District. Defendants have appeared in this action through counsel of record, having joined the Stipulation Consolidating Cases for Pre-Trial Purposes, Appointing Co-Lead Interim Counsel, and Permitting Filing of Consolidated Complaint (ECF No. 22, filed June 3, 2026).

**2. <u>Facts</u>**

***Plaintiffs' Position:*** This putative class action arises from Defendants' deployment of Automated License Plate Recognition ("ALPR") camera systems at Home Depot store parking lots throughout California without a compliant ALPR usage and privacy policy, without conspicuously disclosing to shoppers that their vehicle data was being captured and shared with law enforcement, and without implementing the security procedures required by California law. Compl. ¶¶ 3–4. The nine named Plaintiffs are California residents who allege their Vehicle Tracking Data was captured by Defendants' ALPR cameras during visits to Home Depot stores in California. Compl. ¶¶ 19–27. Plaintiffs

bring this action individually and on behalf of a proposed Class consisting of "All California citizens whose Vehicle Tracking Data was captured by Home Depot's ALPR cameras at any Home Depot store located in California during the applicable statute-of-limitations period through the date of class certification," pursuant to Fed. R. Civ. P. 23(b)(2), 23(b)(3), and 23(c)(4). Compl. ¶ 207. Plaintiffs allege that Defendants' conduct was knowing, willful, and reckless. Compl. ¶¶ 208–213.

***Defendants' Position:*** Home Depot denies Plaintiffs' allegations and claims. The ALPR Act is a modest transparency law that merely requires ALPR operators and end-users to establish publicly available privacy and usage policies, while giving wide leeway for private entities to determine what to do with the data. Stripped to its core, Plaintiffs' theory rests on three alleged deficiencies: that the Policy lacks specificity regarding (1) the data custodian, (2) the retention period, and (3) law enforcement sharing. CCAC ¶ 128. At all relevant times, Home Depot had a fully compliant ALPR policy in place. Plaintiffs admit this much, but rest this entire action on the allegation that the policy was insufficiently detailed. Plaintiffs also contend that the Policy's descriptions of authorized purposes, training protocols, monitoring procedures, and accuracy standards are conclusory or inadequate. CCAC ¶¶ 103–104.

But the ALPR Act requires only that these topics be addressed—not that they be drafted with the particularity Plaintiffs prefer. Home Depot's ALPR Policy satisfies each statutory element. And, no Plaintiff alleges having read, relied upon, or even attempted to review the Policy—and under *Mata*, a plaintiff who never sought to exercise a "right to know" cannot claim that right was violated. *Mata v. Digital Recognition Network, Inc.*, --- Cal.Rptr.3d ----, 2026 WL 2085579, at *12 (Cal. App. July 20, 2026). Nor does any Plaintiff allege that his or her data was queried, disclosed to law enforcement, or used in any investigation; no Plaintiff alleges misidentification, a wrongful stop, or any other law enforcement contact. Under the ALPR Act, Plaintiffs cannot pursue their ALPR claims or any of the other derivative claims because they have not suffered any actual harm resulting from any alleged violation of the ALPR Act. *Id.* at *13. Plaintiffs' remaining claims—

under the California Constitution, common law intrusion upon seclusion, and various statutory privacy theories—collapse for the same reasons: no actual harm, no misuse, and no invasion of any cognizable privacy interest.

**3. Legal Issues**

***Plaintiffs' Position:*** The principal disputed legal issues include: (a) whether Defendants qualify as an "ALPR operator" and/or "ALPR end-user" under Cal. Civ. Code § 1798.90.5; (b) whether Defendants' ALPR usage and privacy policy satisfies the mandatory elements required by Cal. Civ. Code §§ 1798.90.51(b) and 1798.90.53(b); (c) whether Defendants maintained the security procedures and audit records required by California's ALPR Privacy Act; (d) whether Defendants shared California ALPR information with law enforcement in a manner not authorized by a compliant ALPR policy; (e) whether Defendants' conduct violates Article I, § 1 of the California Constitution and constitutes intrusion upon seclusion; (f) whether Defendants' conduct violates California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.*; (g) whether Defendants were negligent or negligent per se; (h) whether Defendants violated the California Consumer Privacy Act / California Privacy Rights Act, Cal. Civ. Code §§ 1798.100, *et seq.*; and (i) whether the proposed Class may be certified under Fed. R. Civ. P. 23.

***Defendants' Position:*** The legal issues identified by Plaintiffs above boil down to whether the Complaint alleges valid claims. As demonstrated in Home Depot's Motion to Dismiss (ECF No. 33, filed August 14, 2026), the Complaint fails to allege any valid claims and should be dismissed in its entirety. Additional legal issues in dispute include:

Whether Plaintiffs have statutory standing to pursue claims under the ALPR Act;

Whether Plaintiffs suffered any harm from a violation of the ALPR Act;

Whether Plaintiffs have suffered any actual damages; and

Whether the case can be properly maintained and adjudicated on a class-wide basis using common proof under the requirements of Fed. R. Civ. P. 23 and applicable caselaw.

The Parties agree that additional legal issues may arise and failure to list any legal issue in dispute is not an admission or concession by any party that such legal issue does

not currently exist or may not exist. The Parties reserve their right to identify additional legal issues.

**4. Motions**

***Plaintiffs' Position:*** Home Depot has moved to dismiss the the complaint (ECF No 33). Per ECF No. 25, Plaintiff's opposition is due September 14, 2026. Plaintiffs do not agree to a stay of all discovery pending resolution of the motion to dismiss. Plaintiffs ultimately anticipate filing a motion for class certification on the schedule proposed below and, if appropriate based on the record, a motion for summary judgment or partial summary judgment.

***Defendants' Position:*** Home Depot filed its Rule 12(b)(6) Motion to Dismiss the entire complaint on August 14, 2026. Subject to input from the Court at the CMC or other case developments, Home Depot may make a motion to stay discovery pending resolution of its Motion to Dismiss. Should the case progress past the pleadings stage, Home Depot anticipates making a motion for summary judgment, and will oppose any motion for class certification.

**5. Amendment of Pleadings**

***Plaintiffs' Position:*** Plaintiffs filed the operative Consolidated Class Action Complaint on June 30, 2026. Plaintiffs do not anticipate amending the Complaint at this time, but reserve their right to do so pursuant to Rule 15.

***Defendants' Position:*** Home Depot reserves the right to oppose any proposed amendment of the Complaint.

**6. Evidence Preservation**

***Plaintiffs' Position:*** Plaintiffs certify that Plaintiffs have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information. Plaintiffs' counsel has taken steps to advise Plaintiffs about the need to preserve evidence.

***Defendants' Position:*** Home Depot has reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and has met and conferred with Plaintiffs

pursuant to Fed. R. Civ. P. 26(f). Home Depot has taken reasonable and proportionate steps to preserve relevant evidence in its possession, custody, or control.

**7. Disclosures**

Unless deferred to a later date by the Court, the Parties will exchange initial disclosures by September 14, 2026.

**8. Discovery**

The Parties have agreed to accept service of discovery requests and responses via email. The Parties further agree to cooperate and work in good faith toward reaching an agreement on a stipulation regarding the preservation and production of electronically stored information, as well as a protective order governing the discovery and use of confidential information. If an agreement cannot be reached, the Parties will seek Court intervention.

***Plaintiffs' Position***: Plaintiffs respectfully submit that discovery should proceed during the pendency of Defendant's motion to dismiss. Discovery is presumptively open following completion of a Rule 26(f) conference absent the Court granting a proper motion to stay discovery. *See Singh v. Google, Inc.*, No. 16-CV-03734-BLF, 2016 WL 10807598, at *1 (N.D. Cal. Nov. 4, 2016) (denying stay); *Goro v. Flower Foods, Inc.*, 334 F.R.D. 275, 286 (S.D. Cal. 2018) (declining to *sua sponte* issue stay absent motion for stay); *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013) (denying stay).

While Defendant previews a potential motion to stay, such a stay would not be appropriate. Defendant would have a substantial burden of showing that upon a preliminary peak into the merits of the case, it has convinced the court that all claims will be dismissed. *Singh*, 2016 WL 10807598, at *1–2 (N.D. Cal. Nov. 4, 2016) (denying stay where the plaintiff had not yet responded to the motion to dismiss and the court therefore could not meaningfully assess its merits, and where amendment of complaint possible even if dismissal motion were granted); *Kor Media Group*, 294 F.R.D. at 581, 583-85 (denying motion to stay on merits for failure to meet burden). Defendant will not be able to meet that burden.

***Defendants' Position:*** Discovery in this action should be stayed until the Court decides Home Depot's Rule 12(b)(6) Motion to Dismiss. *See Hicks v. Bzoskie*, 2026 WL 191921, at *1 (E.D. Cal. Jan. 23, 2026) (granting a motion to stay discovery and noting that "[a] pending motion to dismiss may provide good cause to stay discovery where the pending motion may 'be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is aimed,' and 'whether the pending, potentially dispositive motion can be decided absent additional discovery.'") (citation omitted).

The Motion to Dismiss raises threshold legal issues—including statutory standing, no actionable harm, causation, and statutory compliance—that are likely to be dispositive of all or substantially all of Plaintiffs' claims. *See Mata*, 2026 WL 2085579, at *11–13 (affirming summary judgment on ALPR claims for failure to demonstrate statutory harm); *Navarro v. Skidata, Inc.*, 2022 WL 18280359, at *5–8 (C.D. Cal. Dec. 7, 2022) (similar, dismissing ALPR claims for failure to plead harm). Requiring Home Depot to bear the significant and disproportionate burden and expense of discovery before these threshold issues are resolved would be premature and wasteful of Home Depot's resources given the potential for the entire case to be dismissed.

Should discovery proceed, Home Depot proposes that fact discovery be completed within the time frame set forth in Home Depot's proposed schedule.

**9. <u>Class Actions</u>**

***Plaintiffs' Position:*** Pursuant to Civil Local Rule 16-9(b), Plaintiffs contend this action is maintainable as a class action under Rules 23(a), (b)(2), (b)(3), and/or (c)(4). Plaintiffs seek to represent a Class of California citizens whose Vehicle Tracking Data was captured by Home Depot's ALPR cameras at California Home Depot stores during the applicable limitations period through class certification. This case presents common questions capable of classwide resolution, including whether Home Depot qualifies as an ALPR operator and/or end-user, whether its ALPR usage and privacy policy satisfied the mandatory requirements of California law, whether Home Depot maintained required security procedures and audit records, whether California ALPR information was shared

or made accessible to law enforcement in a manner not authorized by a compliant policy, whether Home Depot's conduct was knowing, willful, or reckless, and what statutory, injunctive, and other relief is appropriate. Plaintiffs further contend that the core challenged conduct arises from uniform corporate policies and practices governing Home Depot's California ALPR deployment, vendor relationship, data-sharing practices, and public disclosures, and therefore common issues predominate over any individualized issues. Plaintiffs will address all Rule 23 requirements and any defenses to certification in connection with their motion for class certification.

***Defendants' Position:*** Home Depot maintains that this case is not appropriate for class certification or to be adjudicated on a class-wide basis under the requirements of Fed. R. Civ. P. 23. Should the case proceed beyond the pleadings stage and reach class certification, Home Depot will oppose class certification.

***Joint:*** The Parties have provided their respective proposed schedules for Plaintiffs' Motion for Class Certification and Defendants' Opposition in **Attachment A**. All attorneys of record have reviewed the Procedural Guidance for Class Action Settlements.

**10. Related Cases**

The Parties are not aware of any "related" cases as defined by Local Civil Rule 3-12(a).

**11. Relief**

***Plaintiffs' Position*:** Plaintiffs have requested the following relief as set forth in the Complaint:

(a) Certify this action as a class action on behalf of the proposed Class, appointment of Plaintiffs as class representatives, and appointment of Plaintiffs' counsel as class counsel;

(b) Declare that Defendants have violated California's ALPR Privacy Act, Cal. Civ. Code §§ 1798.90.5, et seq., the California Constitution, Article I, § 1, and California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, et seq.;

(c) Award actual damages, or not less than statutory liquidated damages of $2,500 per person per violation, pursuant to Cal. Civ. Code § 1798.90.54(b)(1);

(d) Award punitive damages pursuant to Cal. Civ. Code § 1798.90.54(b)(2) and applicable common law based on Defendants' knowing, willful, and reckless disregard of California law and Plaintiffs' and Class Members' privacy rights;

(e) Enter a permanent injunction requiring Defendants to: (i) immediately cease sharing California ALPR information with any law enforcement agency not authorized by a fully compliant ALPR usage and privacy policy; (ii) implement and conspicuously post a fully compliant ALPR-specific usage and privacy policy at each California store location and on Defendants' website; (iii) delete all California ALPR information collected during the period of non-compliance, except as required by law; (iv) terminate or modify any ALPR vendor relationship that does not permit Defendants to independently maintain and verify access controls and data-sharing restrictions; (v) submit to an independent audit of Defendants' ALPR information procurement practices and vendor compliance for not less than three years following entry of judgment; and (vi) post conspicuous notice at all California store parking lot entrances regarding ALPR camera use;

(f) Award restitution and disgorgement of any unjust enrichment Defendants derived from their unlawful ALPR practices;

(g) Award exemplary and punitive damages on Plaintiffs' negligence and negligence per se claim sufficient to deter Defendants and similarly situated retailers from continuing the conduct alleged herein;

(h) Award prejudgment interest on all amounts awarded;

(i) Award Plaintiffs and the Class their reasonable attorneys' fees and litigation costs under applicable law, as well as pursuant to Cal. Civ. Code § 1798.90.54(b)(3); and

(j) Grant such other and further relief as this Court deems just and proper.

***Defendants' Position (including basis on which Defendants contend damages should be calculated if liability is established):*** Home Depot denies liability, denies that Plaintiffs or any putative class member have suffered any harm, and denies that Plaintiffs or any putative class member are entitled to any of the relief sought in the Complaint. Under the ALPR Act, the proper measure of damages, if any, is actual damages—that is, concrete, proven injury proximately caused by a specific statutory violation. The $2,500 statutory liquidated damages floor under section 1798.90.54(b)(1) requires threshold proof

of actual damages resulting from a violation of the ALPR Act. *See Doe v. Chao*, 540 U.S. 614, 619–21 (2004) (construing similar "actual damages" but not "less than" language to require proof of some actual damages before the guaranteed minimum applies). Here, Plaintiffs have not alleged, and cannot establish, any actual damages resulting from the alleged violations of the ALPR Act. Moreover, Plaintiffs' proposed "per person per violation" multiplier—seeking to stack $2,500 across every store, every capacity (operator and end-user), and every alleged policy deficiency—is contrary to the statute's text and structure. Home Depot also denies that Plaintiffs can establish any basis for relief on a class-wide basis using common proof.

**12. <u>Settlement and ADR</u>**

The Parties have reviewed the ADR procedures in ADR L.R. 3-5. The Parties are agreeable to private mediation to occur no later than after close of discovery and after a decision on class certification.

**13. <u>Other References</u>**

The Parties do not believe that the case is suitable for reference to binding arbitration or a special master at this time.

**14. <u>Narrowing of Issues</u>**

***Plaintiffs' Position:*** Plaintiffs are not aware of any issues that may be narrowed at this time.

***Defendants' Position:*** Home Depot believes its Motion to Dismiss may fully dispose of this entire case or otherwise narrow issues. Other than that, Home Depot is not aware of any additional issues that may be narrowed at this time.

**15. <u>Scheduling</u>**

***Plaintiffs' Position:*** Plaintiffs propose the schedule set forth in Attachment A.

***Defendants' Position:*** For the reasons discussed in other sections, Home Depot believes that it is premature to set a case schedule for this matter. In the event the Court desires to set a case schedule now, Home Depot proposes the schedule set forth in **Attachment A**.

**16. Trial**

***Plaintiffs' Position:*** Plaintiffs have demanded a jury trial of any claims triable by a jury. Consistent with the Court's August 5, 2026 Order requiring the Parties to propose a complete schedule through trial, Plaintiffs propose the trial date set forth in **Attachment A**. Plaintiffs estimate that trial will last approximately 8 to 12 court days.

***Defendants' Position:*** In the event the Court desires to set a trial date now, Home Depot proposes the trial date set forth in Attachment A. Home Depot's best trial length estimate at this early stage of the case is 8 to 12 days.

**17. Disclosure of Non-Party Interested Entities or Persons**

***Plaintiffs' Position*:** Plaintiffs are not aware of any non-party interested entities or persons, other than putative class members.

***Defendants' Position:*** Home Depot has filed the required Certification of Interested Entities or Persons.

**18. Professional Conduct**

Counsel for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California and agree to comply with them.

**19. Such Other Matters**

The Parties are not presently aware of any other matters that may facilitate the just, speedy, and inexpensive disposition of this matter.

Respectfully submitted,

Dated: August 19, 2026

**BURSOR & FISHER, P.A.**
By: */s/ Philip L. Fraietta*
Philip L. Fraietta (SBN 354768)
Julia K. Venditti (SBN 332688)
50 Main Street, Suite 475
White Plains, NY 10606
Telephone: (914) 874-0708
Facsimile: (914) 206-3656
E-mail: pfraietta@bursor.com
jvenditti@bursor.com

Dated: August 19, 2026

**EMERY | REDDY, PC**
By: /s/ M. Anderson Berry
M. Anderson Berry (SBN 262879)
Gregory Haroutunian (SBN 330263)
Brandon P. Jack (SBN 325584)
333 University Avenue, Suite 200
Sacramento, CA 95825
Telephone: (916) 823-6955
Facsimile: (206) 441-9711
E-mail: anderson@emeryreddy.com
gregory@emeryreddy.com
brandon@emeryreddy.com

Dated: August 19, 2026

**MILBERG PLLC**
By: /s/ William J. Edelman
William J. Edelman (SBN 285177)
Heather M. Lopez (SBN 354022)
Mike Acciavatti*
280 S. Beverly Drive, PH
Beverly Hills, CA 90212
Telephone: (331) 240-3015
E-mail: wedelman@milberg.com
hlopez@milberg.com
macciavatti@milberg.com

Dated: August 19, 2026

**SIRI & GLIMSTAD LLP**
By: /s/ Michael Connett
Michael Connett (SBN 300314)
Tyler J. Bean*
Albert J. Asciutto*
Alexander J. Garcia*
700 S. Flower Street, Suite 1000
Los Angeles, CA 90017
Telephone: (772) 783-8436
E-mail: mconnett@sirillp.com
tbean@sirillp.com
aasciutto@sirillp.com
agarcia@sirillp.com

**pro hac vice* forthcoming

*Counsel for Plaintiffs and the Putative Class*

Dated: August 19, 2026

**JONES DAY**
By: <u>*/s/ Darren K. Cottriel*</u>
Darren K. Cottriel (SBN 184731)
Ann T. Rossum (SBN 281236)
JoeAl Akobian (SBN 346801)
3161 Michelson Drive, Suite 800
Irvine, CA 92612
Telephone: +1.949.851.3939
Facsimile: +1.949.553.7539
E-mail: dcottriel@jonesday.com
atrossum@jonesday.com
jakobian@jonesday.com

Amanda Fitzsimmons (SBN 258888)
4655 Executive Drive, Suite 1500
San Diego, CA 92121
Telephone: +1.858.314.1200
Facsimile: +1.844.345.3178
E-mail: amandafitzsimmons@jonesday.com

*Counsel for Defendants*

**SIGNATURE ATTESTATION**

I, Philip L. Fraietta, as the ECF user and filer of this document, attest pursuant to N.D. Cal. L.R. 5(i)(3) that each of the other signatories have concurred in the filing of the document.

Dated: August 19, 2026

*/s/ Philip L. Fraietta*
Philip L. Fraietta

# ATTACHMENT A

## Proposed Schedule

| Event | Plaintiffs' Proposal | Defendants' Proposal |
|---|---|---|
| Deadline to Exchange Initial Disclosures | September 14, 2026 | September 14, 2026 |
| Deadline to Amend Pleadings | November 30, 2026 | 60 days after decision on motion to dismiss |
| Deadline to file Plaintiffs' Motion for Class Certification (incl. expert reports upon which Plaintiffs rely) | May 10, 2027 | October 8, 2027 |
| Deadline to file Defendants' Opposition to Class Certification (incl. counter expert reports upon which Defendants rely) | July 9, 2027 | December 17, 2027 |
| Deadline to file Plaintiffs' Reply in Support of Class Certification (incl. rebuttal expert reports upon which Plaintiffs rely) | August 23, 2027 | January 31, 2028 |
| Hearing on Motion for Class Certification | September 27, 2027 | February 21, 2028[1] |
| Close of Fact Discovery | December 27, 2027 | September 8, 2027 |
| Expert Disclosures | January 26, 2028 | July 20, 2028 |
| Rebuttal Expert Disclosures | March 27, 2028 | September 18, 2028 |
| Expert Discovery Cut-Off | May 25, 2028 | November 17, 2028 |
| Deadline for Dispositive Motions | July 24, 2028 | January 16, 2029 |
| Pre-trial conference | October 27, 2028 | April 20, 2029 |
| Trial | December 5, 2028 | May 22, 2029 |

[1] Home Depot's proposed deadlines assume that a ruling on class certification will issue 30 days after the hearing proposed for February 21, 2028.